UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN J. GOMEZ VASQUEZ,

                Plaintiff,

  v.

MARTHA KARR, LT. JAMES HUTCHISON, SGT. MILLER, and SGT. BRASWELL,

                Defendants.

No. C12-5531 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  September 14, 2012**

Before the Court is Plaintiff's motion to dismiss his case.  ECF No. 5.

**BACKGROUND**

On June 13, 2012, Plaintiff filed a proposed civil rights complaint but failed to pay the filing fee or submit an application to proceed *in forma pauperis* (IFP). ECF No. 1.  On June 19, 2012, the Clerk sent a letter to Plaintiff advising him that he must pay the filing fee of $350.00 or submit a completed IFP application. ECF No. 2.  On June 26, 2012, Plaintiff submitted an IFP application, but did not submit a trust account statement to support his IFP application. ECF No. 3.  In addition, when the Court reviewed Plaintiff's proposed complaint, it determined that Plaintiff was attempting to file a duplicate action.

At the time he filed his complaint in this case, Plaintiff had two additional matters pending.  In the first case, Case No. 12-5268 BHS/KLS, the undersigned recommended that his case be dismissed and his pending application to proceed *in forma pauperis* be denied because he

ORDER - 1

failed to state a viable access to courts claim, he seeks relief in habeas and he has otherwise failed to state a viable claim under 42 U.S.C. § 1983. *See* ECF No. 15 (therein). That recommendation is pending. In the second case, Case No. C12-5298, the undersigned recommended that his case be dismissed and that the dismissal be counted as a strike under 28 U.S.C. § 1918. ECF No. 9 (therein). That case has been dismissed. ECF Nos. 13 and 14 (therein).

In this case Plaintiff was ordered to show cause why he should be allowed to proceed with this action in light of the foregoing actions. ECF No. 4. In response, Plaintiff filed the motion to dismiss. ECF No. 5. He also requests the Court to return his original documents and to provide him with a copy of the Court's Local Rules. *Id.*

## DISCUSSION

Rule 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

After service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Plaintiff never provided a viable Section 1983 complaint in this matter. Therefore, no adverse party has been served or appeared in this action. Dismissal of this action without prejudice is appropriate at this time.

ORDER - 2

The Court cannot return Plaintiff's original documents to him. All originals are destroyed after they are filed on the Court's docket. Plaintiff may obtain copies of his documents at a cost of $0.50 per page. Payment must be received prior to the Clerk's Office mailing the copies. Similarly, if Plaintiff wishes a copy of this Court's Local Rules, he must submit payment of $32.50 to the Clerk's Office. Alternatively, a free copy of the rules is available at: http://www.wawd.uscourts.gov/referencematerials/localrules.htm

## CONCLUSION

The Court should dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 14, 2012**, as noted in the caption.

**DATED** this 29th day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3